# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NOS. 3:08cv576 & 3:09cv205

| | |
|---|---|
| **PRECISION LINKS INCORPORATED,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **USA PRODUCTS GROUP, INC. and** ) | |
| **HOME DEPOT U.S.A., INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |
| ) | |
| **PRECISION LINKS INCORPORATED,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **TRUE VALUE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte* to consider consolidation of Precision Links Incorporated v. USA Products Group, Inc. and Home Depot U.S.A., Inc., Civil Action No. 3:08cv576 ("Home Depot") and Precision Links Incorporated v. True Value Company, Civil Action No. 3:09cv205 ("True Value") for the purposes of claim construction. Counsel

for the Plaintiff and the Defendant True Value Company ("True Value") have advised the Court's chambers that they have no opposition to the consolidation of these cases for this limited purpose. Counsel for the Defendants USA Products Group, Inc. and Home Depot USA, Inc. ("Home Depot Defendants"), however, opposes consolidation on the grounds that it would unreasonably delay the litigation.

Rule 42(a) of the Federal Rules of Civil Procedure provides that the Court may join civil actions for hearing of any or all matters at issue, if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(1). The decision to consolidate is a matter within the Court's discretion. See R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 959 (4th Cir. 1999).

In each of these civil actions pending before the Court, the Plaintiff claims infringement of Claims 1, 2, 3, 4, 6, 7, and 8 of U.S. Patent No. 5,673,464 ("the '464 Patent"). [Civil Action No. 3:08cv576, Doc. 1; Civil Action No. 3:09cv205, Doc. 1]. Both civil actions will require construction of the same patent claims, and thus involve identical questions of law and fact. While the Court is mindful that consolidation will result in a delay of a few months in the resolution of the claim construction issues in the Home

Depot case, as it was filed earlier and has progressed farther in litigation, the Court finds that any prejudice to the Home Depot Defendants caused by such a delay is outweighed by the potential prejudice to True Value in the event that these cases were not consolidated.  Absent consolidation, the Court would construe the patent claims at issue in the Home Depot matter before True Value even had the opportunity to submit its own brief on the issue of claim construction.  The Court's claim construction, however, being a matter of law, would then be binding as to True Value.  For these reasons, the Court concludes that the principles of fairness and judicial economy require the consolidation of these two civil actions for the purpose of claim construction only.

Accordingly, **IT IS, THEREFORE, ORDERED** that Precision Links Incorporated v. USA Products Group, Inc. and Home Depot U.S.A., Inc., Civil Action No. 3:08cv576 and Precision Links Incorporated v. True Value Company, Civil Action No. 3:09cv205 are hereby **CONSOLIDATED** for the purpose of construing the claims of the '464 Patent only.  The Court will notify the parties of the date and time of the consolidated claim construction hearing.

**IT IS SO ORDERED.**

Signed: March 13, 2010

Martin Reidinger
United States District Judge